Thomas I. Rozsa, State Bar No. 080615
ROZSA LAW GROUP LC
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990
Facsimile (818) 783-0992
email: tom@rozsalaw.com

Attorneys for Plaintiff/Counterclaim Defendant
Grand General Accessories Manufacturing

Thomas T. Chan, State Bar No. 129606
Dariush G. Adli, State Bar No. 204959
Raymond K. Chan, State Bar No. 220534
CHAN LAW GROUP LLP
1055 West 7th Street, Suite 1880
Los Angeles, California 90017
Telephone (213) 624-6560
Facsimile (213) 622-1154
email: thomas.chan@chanlaw.com
       dariush.adli@chanlaw.com
       raymond.chani@chanlaw.com
       Attorneys for Defendants/Counterclaimants
United Pacific Industries, Inc. and
Lucidity Enterprise Co. Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| Grand General Accessories Manufacturing, a California corporation;<br><br>　　　　Plaintiff,<br>　　vs.<br><br>United Pacific Industries Inc., a California corporation; Lucidity Enterprise Co., Ltd., a corporation of Taiwan; and DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | **Case No.:**<br>**CV08-07078 DDP (VBKx)**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>NOTE: CHANGES MADE BY THE COURT |

United Pacific Industries Inc., a California corporation,

Counterclaimant,

v.

Grand General Accessories Manufacturing, a California corporation,

Counterclaim Defendant.

## STIPULATED PROTECTIVE ORDER

The Court, having been advised that the Plaintiff/Counterclaim Defendant Grand General Accessories Manufacturing and Defendant/Counterclaimant United Pacific Industries, Inc. (hereafter jointly the "Parties") agree that the discovery and pretrial phase of this action may involve disclosure of trade secrets and other confidential and proprietary technical, marketing, business and corporate information that the Parties may wish to designate as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" for the purpose of this action, hereby enters the following:

## ORDER

**1.      Proceedings and Information Governed**

This Order and any amendments or modifications to it (hereafter the "PROTECTIVE ORDER") shall govern any document, information or other thing

furnished by any party, including third parties, to any other party to this lawsuit in connection with the discovery and pretrial phase of this action. The information protected includes, but is not limited to, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and all copies, extracts, summaries, compilations, designations and portions thereof. This PROTECTIVE ORDER does not govern proceedings during trial nor does it prohibit either party from seeking a protective order to govern proceedings during trial.

**2.    Definitions**

(a)    "CONFIDENTIAL" shall mean any information produced in this action that the PRODUCING PARTY reasonably believes to be, reflect, or reveal a trade secret or other confidential research, development, or commercial information that is not publicly available or known, including appropriate diagnostic, technical and maintenance materials.

(b)    "CONFIDENTIAL ATTORNEYS' EYES ONLY" including "CONFIDENTIAL OUTSIDE COUNSEL ONLY" shall mean CONFIDENTIAL information that the PRODUCING PARTY deems especially sensitive. The designation "CONFIDENTIAL ATTORNEYS' EYES ONLY" may be used only for highly confidential and extremely sensitive marketing or business information such as names of customers, names of suppliers, customer development

-3-

information, contacts between a party and that party's customers, business leads, costs of goods purchased, sales prices for goods sold, and profits generated from sales of goods.

(c) "ATTORNEYS" shall include the clerical and paralegal support personnel who are employed by the ATTORNEYS.

(d) "OUTSIDE EXPERT" shall mean any person not otherwise employed by the RECEIVING PARTY, either as an employee or consultant, who is not employed in a business that competes with any party to this action, and who has been APPROVED to receive the PRODUCING PARTY'S CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information. OUTSIDE EXPERTS shall be limited to such persons as, in the judgment of the retaining party's ATTORNEYS, are reasonably necessary for the development and presentation of that party's case.

(e) "APPROVED" shall mean that the procedure described in Section 3 below has been complied with.

(f) "RECEIVING PARTY" shall mean the party (including its employees and agents) who is or will be receiving documents or information from another party.

(g) "PRODUCING PARTY" shall mean the party (including its employees and agents) who is or will be producing documents or information to

another party.

3. **Procedure for Approvals**

(a) All notices and information required by this paragraph shall be served on counsel of record for the other parties by facsimile, mail or hand delivery.

(b) No Party shall be required to disclose expert witnesses to the other Party prior to the time for disclosure under the Federal Rules of Civil Procedure.

(c) Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information produced by an adverse party to a party's proposed OUTSIDE EXPERT, the RECEIVING PARTY shall require the expert to sign Exhibit "A" and a copy of the signed Exhibit "A" shall be submitted with the expert report.

4. **Designation of Information**

(a) Documents and things produced by a party during the course of this litigation, or responses to written discovery requests, shall be designated by the PRODUCING PARTY as containing CONFIDENTIAL information by placing on the first page and on each thing containing such information a legend substantially as follows:

**"CONFIDENTIAL"**

(b) Documents and things produced by a party during the course of this

-5-

litigation, or responses to written discovery requests, shall be designated by the PRODUCING PARTY as containing CONFIDENTIAL ATTORNEYS' EYES ONLY information by placing on the first page or thing containing such information a legend substantially as follows:

**"CONFIDENTIAL ATTORNEYS' EYES ONLY"**

or **"CONFIDENTIAL OUTSIDE COUNSEL ONLY"**

(c) During discovery, a PRODUCING PARTY shall have the option to require that all or certain batches of documents and things be treated as containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information during inspections and to make its designations by marking the particular documents and things with the appropriate legend at the time copies of documents and things are produced.

(d) A party may designate information disclosed at a deposition as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY by requesting the reporter to so designate the transcript, or the appropriate portions thereof, at the time of the deposition.

(e) Any party invoking CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY protection during a deposition may exclude from the room any person who is not entitled to receive information designated

-6-

STIPULATED PROTECTIVE ORDER

CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, provided, however, that this paragraph is without prejudice to a party's right to resume a deposition or recover costs and attorneys' fees arising out of improper exclusion of a person from a deposition as a result of improper designation of CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information, unless the Court determines that the exclusion was reasonable and made in good faith.

(f)  A PRODUCING PARTY shall designate its discovery responses, responses to requests for admissions, briefs, memoranda, and all other papers filed or lodged with the Court and/or served on opposing counsel, as containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information when such papers are filed, lodged, and/or served. Any document containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information that is filed or lodged with the Court shall conform with Section 6.

(g)  A party shall designate information disclosed at a hearing as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY by requesting the Court, at the time the information is proffered or adduced, to designate the transcript appropriately and to clear the courtroom of any person not authorized to view or hear the information, or, in the alternative, to receive the information **in camera**. At least 10 days before any such hearing, the parties will

confer regarding any alternative or additional procedures that would allow for an efficient presentation of evidence without compromising any CONFIDENTIAL information.

(h) The parties shall use reasonable care to avoid designating as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY any information which is not entitled to such designation or which is generally available to the public.

(i) CONFIDENTIAL information or ATTORNEYS' EYES ONLY CONFIDENTIAL information which is disclosed orally, other than in a deposition or hearing (which are provided for above), shall be identified as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information at the time of such oral disclosure and the PRODUCING PARTY shall within five court days after such disclosure confirm in writing the disclosure as being CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information and specifying the nature of the disclosure which is considered CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS' EYES ONLY information.

**5.    Disclosure, Use and Handling of Confidential Information**

(a) Information disclosed by a PRODUCING PARTY to a RECEIVING PARTY, including CONFIDENTIAL and CONFIDENTIAL ATTORNEYS'

EYES ONLY information, may be used only for the purposes of this lawsuit and for no other purpose.

(b) CONFIDENTIAL ATTORNEYS' EYES ONLY information may be disclosed by the RECEIVING PARTY only to the parties' outside counsel attorneys and outside experts who have signed Exhibit A.

(c) CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information shall be used by persons to whom it is disclosed only for purposes of preparation for trial, trial of this action, or any appellate proceedings in this action, and for no other purpose, unless agreed to in writing by the PRODUCING PARTY or as authorized by an order of the Court. No person who receives information protected by this PROTECTIVE ORDER shall disclose it to any person not entitled under this PROTECTIVE ORDER to receive it.

(d) The restriction on the use of information protected by this PROTECTIVE ORDER is applicable only to the use by a party of information received from an adverse party or a third party. A party is free to exercise its full rights with respect to documents, information and other things it produces.

(e) In the event that a RECEIVING PARTY's briefs, memoranda, discovery requests, requests for admissions or other papers of any kind which are served and/or filed include another party's CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information, the papers shall be

-9-

STIPULATED PROTECTIVE ORDER

appropriately designated pursuant to section 4 and shall be treated accordingly.

(f) All documents, including attorney notes and abstracts, which contain another party's CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information, shall be handled as if they were designated pursuant to Section 4.

(g) The restrictions on the disclosure, use or handling of information contained in this PROTECTIVE ORDER shall not apply, and requests to change confidentiality designations shall be granted, if the information meets any one or more of the following criteria:

    (1) the information in question is generally and readily accessible to the public through means that are not a violation of this PROTECTIVE ORDER; or

    (2) the information was lawfully in the possession of the RECEIVING PARTY prior to its receipt from the PRODUCING PARTY and/or is subject to a specific license or other specific agreement permitting disclosure; or

    (3) if the PRODUCING PARTY stipulates that the information may be disclosed to a third party without any obligation of confidentiality pursuant to the terms of this PROTECTIVE ORDER.

## 6. Disclosure of Documents Containing CONFIDENTIAL OUTSIDE COUNSEL ONLY Information to the Principals of the Respective Parties

It is hereby agreed that the RECEIVING PARTY may disclose documents that contain CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information to principals of the parties, provided specifically that all CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information is redacted from such documents before the redacted documents are shown to the principals of the respective parties. For those documents that fall under this category, the RECEIVING PARTY shall redact out all information that it deems to be CONFIDENTIAL and/or CONFIDENTIAL OUTSIDE COUNSEL only information and show the document in its redacted form to the PRODUCING PARTY and the PRODUCING PARTY shall have five (5) business days to object and set forth any additional redaction that may be necessary. If there is no written objection, then the RECEIVING PARTY may disclose the document in its redacted form to the principals of the respective parties. If there is an objection, the attorneys will negotiate in good faith on what more needs to be redacted and no such document shall be shown to the principals of the RECEIVING PARTY unless there is no objection by the PRODUCING PARTY or there is a final agreement between the attorneys for the RECEIVING PARTY and the

PRODUCING PARTY on what can be shown.

### 7. Filing or Lodging Documents With the Court

Any documents to be filed under seal shall be filed in accordance with Local Rule 79-5.1.

### 8. Inadvertent Failure to Designate

(a) In the event that a PRODUCING PARTY inadvertently fails to designate its information pursuant to Section 4, it may later designate by notifying the RECEIVING PARTY in writing and sending a copy of the documents, information, or things with the appropriate legend.  The RECEIVING PARTY shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b) No person or party shall incur any liability hereunder with respect to any disclosure that occurred prior to receipt of written notice of a belated designation. Section 8 of this PROTECTIVE ORDER shall have no application with respect to disclosures that occurred prior to receipt of written notice of a belated designation.

### 9. Challenge to Designations

(a) A RECEIVING PARTY may challenge a PRODUCING PARTY's designation within thirty (30) days after receiving notice of the designation from the PRODUCING PARTY.  Failure of either party to expressly challenge a

designation shall not constitute a waiver of the right to assert at a subsequent time that the designated information or material is not in fact confidential or that the designation is not appropriate for any reason.

(b) Any RECEIVING PARTY disagreeing with the designation of any information received from the PRODUCING PARTY as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, and desiring disclosure or partial disclosure of that material other than is permitted in this PROTECTIVE ORDER, may request in writing that the PRODUCING PARTY change the designation. The PRODUCING PARTY shall then have five (5) court days from the date of receipt of the notification to:

(1) advise the RECEIVING PARTY whether or not it will change the designation; and

(2) advise the RECEIVING PARTY, if it will not change the designation, of the reasons supporting its refusal.

**10.  Inadvertent Disclosure**

(a) In the event of an inadvertent disclosure of another party's CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information, the party making the inadvertent disclosure shall, upon learning of the disclosure:

(1) promptly notify the person to whom the disclosure was made

-13-

STIPULATED PROTECTIVE ORDER

that it contains CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information subject to this PROTECTIVE ORDER;

(2) promptly make all reasonable efforts to obtain the return of, and preclude dissemination or use of, the CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information by the person to whom disclosure was inadvertently made; and

(3) within five (5) court days, notify the PRODUCING PARTY of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against dissemination or use of the information by the person to whom the disclosure was inadvertently made.

**11. <u>Non-Party Information</u>**

Discovery in this proceeding of a non-party may involve disclosure of its CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES' ONLY information, which, if designated pursuant to Section 4, shall be subject to the provisions of this PROTECTIVE ORDER and provide the non-party with all of the rights and obligations of a party to this PROTECTIVE ORDER.

**12. <u>Subpoenas</u>**

(a) In the event any person or party having possession, custody or

control of any information covered by this PROTECTIVE ORDER receives a subpoena or other process or order to produce such information, that person or party shall promptly:

    (1)    notify in writing the attorneys of record of the party claiming confidential treatment of the item, document or information sought by such subpoena or other process or order;

    (2)    furnish those attorneys of record with a copy of said subpoena or other process or order; and

    (3)    provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought by the party whose interests may be affected.

(b)    If a party seeking protection of subpoenaed information makes a motion to quash or modify the subpoena, process or order, within ten (10) days of receipt of notice pursuant to subparagraph 11(a)(I), there shall be no disclosure pursuant to the subpoena, process or order until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

(c)    If no such motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

### 13. **Modification**

(a) Nothing herein shall restrict the power of the Court to modify this PROTECTIVE ORDER or any term hereof for good cause shown, including modification to afford greater or lesser restrictions on disclosure for particular information, if circumstances indicate that greater or lesser restrictions on disclosure are appropriate.

(b) Nothing herein shall preclude any party from moving the Court to modify the terms of this PROTECTIVE ORDER or the designation of any particular information, document or thing.

### 14. **No Waiver**

Neither the taking of, nor the failure to take, any action to enforce the provisions of this PROTECTIVE ORDER, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief other than as specified herein of any claim or defense in this action or any other action. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information, nor shall it relieve a party of the necessity of proper response to discovery devices.

### 15. **No Probative Value**

(a) This PROTECTIVE ORDER shall not abrogate, diminish, or enhance

any contractual, statutory or other legal obligation or right of any party or person with respect to any information protected by this PROTECTIVE ORDER except as specifically provided herein.

  (b) The fact that information is designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under this PROTECTIVE ORDER shall have no probative value when a trier of fact is required to determine whether certain information is confidential or proprietary.

  (c) This PROTECTIVE ORDER shall be without prejudice to the right of any party to bring before the Court the question of:

    (1) whether any particular information or material is or is not confidential;

    (2) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

    (3) whether any particular information is or is not relevant to any issue of this case.

  (d) The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed as consent to its admissibility in this litigation, or to its use, in any action or proceeding before any court, agency or tribunal, and is not relevant to the question of whether such information is

confidential or proprietary.

**16.**   **Conclusion of Litigation**

(a)   Except as provided herein, if requested by the PRODUCING PARTY, within sixty (60) days of the conclusion of this action each party or other person subject to the terms hereof shall be under an obligation to return to the PRODUCING PARTY all materials and documents containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information or alternatively destroy those documents and provide evidence of their destruction to the PRODUCING PARTY, and retaining no copies, and to confirm such in writing to the PRODUCING PARTY. Such actions shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this PROTECTIVE ORDER.

(b)   After this action concludes, ATTORNEYS for each party may retain a record including the following, irrespective of whether or not a party's CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information is included: its correspondence files for this case, its pleadings files (including all briefs, memoranda, affidavits, exhibits and all papers served by one party on another), and any briefs and appendix on appeal, all trial transcripts and exhibits, all deposition transcripts, all hearing transcripts, all legal memoranda, and all attorneys' notes.

(c) The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this PROTECTIVE ORDER as the Court may from time to time deem appropriate. The provisions of this PROTECTIVE ORDER regarding the use and/or disclosure of CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this PROTECTIVE ORDER.

Respectfully submitted,

**ROZSA LAW GROUP LC**

_____/s/_____     Dated: _____
Thomas I. Rozsa

Attorney for Plaintiff/Counterclaim Defendant
Grand General Accessories Manufacturing


**CHAN LAW GROUP LC**

                                                                    Dated: _____
By: \_\_\_\_\_/s/_____
     _____

Attorneys for Defendants/Counterclaimants
United Pacific Industries, Inc. and
 Lucidity Enterprise Co. Ltd.

   IT IS SO ORDERED. Not applicable to trial proceeding or other proceedings as the District Judge may designate.

DATED: September 10, 2009                    _____/s/_____

Hon. Victor B. Kenton
United States Magistrate Judge

-19-

STIPULATED PROTECTIVE ORDER