O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAND GENERAL ACCESSORIES MANUFACTURING, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED PACIFIC INDUSTRIES INC., a California corporation; LUCIDITY ENTERPRISE CO., LTD., a corporation of Taiwan,<br><br>　　　　　Defendants. | Case No. CV 08-07078 DDP (VBKx)<br><br>**Order Directing Parties to File Supplemental Briefing** |

　　In a separate, concurrently filed order, the Court entered partial summary judgment in favor of Defendants. The Court withheld ruling on the patent invalidity and infringement issues related to the '303, '970, and '559 Patents.

　　The Court now orders the parties to address the following issues in a supplemental round of briefing:

　　(1) Are the notches that provide the S/T/T lights disclosed in the '303, '559, and '970 Patents with topographical variation among the various faceted reflectors (producing what the Court referred

to at the August 6, 2010 hearing as the "dolomites" effect) sufficiently distinctive as to render the '303, '559, and '970 Patents non-obvious? The notched effect, as disclosed in the '970 and '303 Patent drawings, is displayed below for reference:



FIG.1

FIG.6



FIG.4



FIG.4

(2) Are the notches described above without precedent in the prior art?

(3) Assuming the validity of the '303, '559, and '970 Patents, do Defendants' products infringe those patents?  In answering this question, the parties are directed to address similarities and differences between the drawings and the accused products when compared both from straight-ahead and side angles (i.e., from viewpoints that disclose the web comb effect, and viewpoints that disclose the notched, topographic effect).  Plaintiff is directed to submit actual examples of each allegedly infringing product to the Court.  Examples shall be lodged with the Court no later than September 13, 2010.

The parties are to address <u>only</u> those issues outlined in this order in their supplemental briefing – issues disposed of in the Court's partial summary judgment order are not to be reargued.  As the Court noted in its partial summary judgment order, straightforward, geometric arrangements of LED bulbs and faceted reflectors within industry standard forms of S/T/T light housing would be obvious to a designer of ordinary skill in the art.  Accordingly, the Court is inclined to conclude that the '303, '970, and '559 Patents are invalid for obviousness, unless the notches described above are sufficiently distinctive and without precedent in the prior art.

The parties are ordered to address the issues outlined above in cross-briefs, not to exceed twenty (20) pages in length, filed no later than August 30, 2010.  Cross-reply briefs, not to exceed ten (10) pages in length, will be due no later than September 13, 2010.

///

///

The Court will hold a STATUS CONFERENCE REGARDING THE REMAINING SUMMARY JUDGMENT ISSUES on September 27, 2010 at 10:00 a.m.  The parties will have the opportunity to argue the issues outlined above at the September 27, 2010 status conference.

IT IS SO ORDERED.

Dated: August 9, 2010

DEAN D. PREGERSON
United States District Judge

4